**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARIA LUISA ORTIZ MORA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**MARISA FLORES, ACTING FIELD OFFICE DIRECTOR FOR THE EL PASO FIELD OFFICE OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,**<br><br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CAUSE NO. EP-26-CV-2706-KC** |

**ORDER**

On this day, the Court considered the above-captioned case, in which Petitioner seeks release from immigration custody, and other relief. Pet. 20–21, ECF No. 1. Petitioner is detained within the boundaries of the Western District of Texas pending ongoing removal proceedings. *Id.* ¶¶ 21, 35–36. Respondents argue that the Petition must be denied under binding authority. *See* Resp. 3–4, ECF No. 3.

All noncitizens who are present in the United States without having been admitted or paroled are subject to mandatory detention for the duration of their removal proceedings. 8 U.S.C. § 1225(b)(2)(A); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502 (5th Cir. 2026). The mandatory detention provision—§ 1225(b)(2)(A)—applies to noncitizens regardless of whether they are detained at the border or in the interior of the United States. *Buenrostro-Mendez*, 166 F.4th at 504. And neither the fact nor length of detention without a bond hearing constitutes a due process violation, "so long as removal remains a viable prospect" and delay is not used "as a means of punishment." *See Sosnava Rodriguez v. Vergara*, --- F.4th ----, 2026

WL 3181188, at *13–14 (5th Cir. 2026). Once a noncitizen has completed removal proceedings and is subject to an administratively final order of removal, they may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).

Petitioner has not been admitted or paroled into the United States. *See* Pet. ¶ 25; Resp. 4. There is no indication that Petitioner's removal is not a viable prospect or that Petitioner is being detained for an improper punitive purpose. *See generally* Pet. Petitioner is not subject to an administratively final order of removal. *See* Pet. ¶ 36. Therefore, neither the fact nor length of Petitioner's detention without a bond hearing warrants relief under federal statutes or the Constitution. *See Sosnava Rodriguez*, 2026 WL 3181188, at *13–14; *Buenrostro-Mendez*, 166 F.4th at 498, 502.

To the extent that Petitioner challenges any adverse conditions of confinement, such claims are not properly brought under habeas but instead as civil rights claims. *See Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021); *see also Trump v. Cook*, 609 U.S. 528, 549 n.2 (2026); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231–33 (10th Cir. 2005).

To the extent that Petitioner challenges the authority to take her into custody in the first place or the procedures associated with her arrest, *see* Pet. 13–16, "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding."[1] *I.N.S. v. Lopez-Mendoza*, 468

---

[1] Petitioner also argues that the fact that "DHS initiated proceedings through a Notice to Appear . . . left Petitioner at liberty at her home address, and litigated the case with her as a non-detained respondent for nearly six years" means that Respondents "elected to proceed under § 1226," and "may not recharacterize Petitioner's detention as mandatory under § 1225(b)(2)(A)." *See* Pet. ¶ 68. This argument is squarely foreclosed by *Buenrostro-Mendez*. *See* 166 F.4th at 506 ("The text says what it says, regardless of the decisions of prior Administrations. Years of consistent practice cannot vindicate an interpretation that is inconsistent with a statute's plain text.") (citing *Pereira v. Sessions*, 585 U.S. 198, 204 (2018)); *see also Sosnava Rodriguez,* 2026 WL 3181188, at *11 ("[E]ven granting that release was afforded to some immigrants at agency discretion, federal immigration law explicitly addressing aliens who have never

U.S. 1032, 1040 (1984) (citation omitted). "And where detention is pursuant to that deportation proceeding, habeas relief is unavailable to remedy the illegal arrest." *Navdeep v. Warden Ero El Paso Camp E. Montana Det. Ctr.*, No. 3:26-cv-829-KC, 2026 WL 1179624, at *2 (W.D. Tex. Apr. 23, 2026) (collecting cases).

Accordingly, the Court **ORDERS** that the Petition is **DENIED**, and all claims are **DISMISSED**. This dismissal is without prejudice.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 16th day of November, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

lawfully entered the country has consistently required detention pending removal.") (citation omitted). Petitioner cites no authority to the contrary.